UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TORAN V. PETERSON,

        Plaintiff,        Case No. 1:09-cv-233

v.        Honorable Paul L. Maloney

UNKNOWN FOCO et al.,

        Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Beverly Scott, (unknown) Gilkey, (unknown) Klinesmith, Willie Smith, James Armstrong and Patricia Caruso. The Court will serve the amended complaint against Defendants (unknown) Foco and (unknown) Daugherty.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Toran Peterson presently is incarcerated at the Ionia Maximum Correctional Facility (ICF). He sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, MDOC Manager of Prisoner Affairs James Armstrong, and the following ICF employees: Sergeant Beverly Scott, Officer (unknown) Foco, Nurse (unknown) Daugherty; Resident Unit Manager (RUM) (unknown) Gilkey; Grievance Coordinator (unknown) Klinesmith; and Warden Willie Smith.

Plaintiff first alleges that Defendants Foco and Daugherty violated his Eighth Amendment rights by engaging in the excessive use of force. While Plaintiff was housed in detention on November 6, 2006, Defendants Foco and Daugherty came to Plaintiff's cell, locked the high security foodcart to Plaintiff's cell, and opened the foodslot to give medication to Plaintiff. When Plaintiff reached inside the foodslot for the medication, Defendant Foco closed the floodslot door on Plaintiff's arm. Plaintiff yelled out in pain. Defendant Daugherty did not intervene. Because Plaintiff's arm was closed in the foodslot, Plaintiff suffered "on an[d] off pain in his right forearm and he experienced spasms in his arm for 37 days . . . ." (Attach. to Am. Compl. at ¶27, docket #9.) Plaintiff felt embarrassed, humiliated, angry and frightened over the incident. (*Id.*)

Plaintiff filed a grievance through the three-step grievance process regarding the November 6, 2006 assault and requested that the surveillance footage be saved. Defendant Scott investigated the grievance and interviewed Plaintiff. At Step I, Defendant Klinesmith denied Plaintiff's grievance. At Step II, Defendant Smith denied Plaintiff's grievance. At Step III,

Defendant Armstrong denied Plaintiff's grievance. According to Plaintiff's allegations, Defendants Scott, Klinesmith, Smith and Armstrong never reviewed the surveillance video.

Second, Plaintiff claims that Defendant Foco destroyed his mail in violation of his First Amendment rights. Plaintiff left his mail[1] in his cell door for pick-up. Instead of picking up the mail, Defendant Foco allegedly destroyed it. When Plaintiff mentioned to Defendant Foco that his actions would be on the surveillance video, Defendant Foco said "we'll just say it was lost or wasn't working, and who cares about you, write whatever and whoever and see where it go[es]." (*Id.* at ¶32.) Defendants Foco and Daugherty laughed and walked away.

Third, Plaintiff alleges that Defendants Scott, Gilkey, Klinesmith, Smith and Armstrong are liable because they approved or knowingly acquiesced to Defendant Foco's conduct by failing to investigate Plaintiff's claims against Foco. He alleges that those Defendants conspired to cover up Defendant Foco's actions by intentionally destroying the surveillance footage to prevent the video from being used in court.

Fourth, Plaintiff claims that Defendants Scott, Gilkey, Klinesmith, Smith, Armstrong and Caruso violated his Eighth Amendment rights by failing to protect him when they knew of the "widespread pattern of misuse of force" by staff on prisoners and implicitly authorized such conduct pursuant to a "policy of inaction." (*Id.* at ¶53.)

Finally, Plaintiff alleges the following state law claims against Defendant Foco: assault and battery, gross negligence and intentional infliction of emotional distress. (*Id.* at ¶59.) Plaintiff also argues that Defendants violated the employee handbook by failing to report a rule violation by an employee. (*Id.* at ¶62.)

---

[1] In his amended complaint, Plaintiff does not specify the type of mail, legal or personal, that Defendant Foco allegedly destroyed.

Plaintiff seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Failure to Act**

Plaintiff alleges that Defendants Scott, Klinesmith, Smith, Gilkey, Armstrong and Caruso failed to investigate Plaintiff's claims regarding the November 6, 2006 incident and view the surveillance video. After Plaintiff filed a grievance, Defendants Klinesmith, Smith and Armstrong denied Plaintiff's grievance through the three-step grievance process. Plaintiff also asserts that Defendants implicitly authorized or knowingly acquiesced in the alleged unconstitutional behavior of Defendant Foco.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed

to allege that Defendants Scott, Klinesmith, Smith, Gilkey, Armstrong and Caruso engaged in any active unconstitutional behavior. Therefore, Plaintiff fails to state a claim.

      B.    **Conspiracy**

Plaintiff alleges that Defendants Scott, Klinesmith, Smith, Gilkey and Armstrong conspired to cover-up Defendant Foco's actions by failing to investigate the November 6, 2006 incident and by destroying the surveillance video. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F.Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1196 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions or had a policy to allow such actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. State of Mich.,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995). Plaintiff's allegations of conspiracy are vague,

conclusory and speculative. Accordingly, he fails to state a claim against Defendants Scott, Klinesmith, Smith, Gilkey and Armstrong for conspiracy.

### C. **Eighth Amendment - Failure to Protect**

Plaintiff alleges that Defendants Scott, Gilkey, Klinesmith, Smith, Armstrong and Caruso violated his Eighth Amendment rights by failing to protect him when they knew of the "widespread pattern of misuse of force" by staff on prisoners and implicitly authorized such conduct pursuant to a "policy of inaction." (Attach. to Am. Compl. at ¶53, docket #9.) The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment places restraints on prison officials so that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).

When determining whether a prison official's conduct falls below this standard, the Court employs a two-prong test containing an objective and a subjective component. The objective component considers whether the alleged deprivation was sufficiently serious, whereas the subjective component examines the official's state of mind to determine whether he acted with "deliberate indifference" to inmate health or safety. *Id*.

With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes*, 452 U.S. at 346). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

If the objective test is satisfied, the Court must then determine whether the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the official deliberately indifferent to Plaintiff's health or safety. *Id.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that the prison official acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude that the official 'was subjectively aware of the risk and disregard [ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

Plaintiff has failed to demonstrate that Defendants acted with deliberate indifference towards his safety. Plaintiff cannot state a violation of the Eighth Amendment on his failure to protect claim without alleging that Defendants were deliberately indifferent to a specific, known risk

to his safety. *Farmer*, 511 U.S. at 833; *Knight v. Gill*, 999 F.2d 1020, 1022 (6th Cir. 1993); *Gant v. Campbell*, No. 00-5639, 2001 WL 132337, at *2 (6th Cir. Feb. 6, 2001). While Plaintiff alleges that Defendants generally knew of the "widespread pattern of misuse of force," he does not state any facts that the Defendants knew of any specific risk to Plaintiff's safety. (Attach. to Am. Compl. at ¶53, docket #9.) Plaintiff does not allege that Defendant Foco had attempted to physically assault him in the past or had a history of assault on other prisoners. Thus, Plaintiff cannot show that Defendants violated his Eighth Amendment rights by failing to protect him from Defendant Foco. *See Lewis v. McClennan,* 7 F. App'x 373, 375 (6th Cir. 2001) (Plaintiff failed to establish an Eighth Amendment claim when he only alleged a hypothetical risk of danger to his safety prior to the attack); *Ross v. Parke,* No. 88-5365, 1988 WL 104933, at *1 (6th Cir. Oct. 11, 1988) (Plaintiff did not establish a failure to protect claim under the Eighth Amendment when defendants did not know nor were they informed by plaintiff that another inmate was a potential assailant.)

    D.    **State Law**

Plaintiff alleges that Defendants violated the employee handbook by failing to report a rule violation by an employee. Defendants alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of

federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's amended complaint presents claims under state law, this Court declines to exercise jurisdiction. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

### E. **Service**

At this stage of the proceedings, Plaintiff has sufficiently stated allegations to support a First Amendment claim that Defendant Foco unlawfully destroyed a letter, which Plaintiff was intending to mail. Moreover, Plaintiff has sufficiently stated an Eighth Amendment excessive force claim against Defendants Foco and Daugherty for their actions in the November 6, 2006 incident. Because Plaintiff has sufficiently alleged an Eighth Amendment claim against Defendant Foco, this Court will also order service of Plaintiff's state law claims of assault and battery, gross negligence and intentional infliction of emotional distress against Defendant Foco. Therefore, the Court will order service of those claims against Defendants Foco and Daugherty.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the claims against Defendants Scott, Klinesmith, Smith, Gilkey, Armstrong and Caruso will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the amended complaint against Defendants Foco and Daugherty.

An Order consistent with this Opinion will be entered.


Dated:   July 23, 2009              /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge