UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TORAN V. PETERSON, # 318935,

        Plaintiff,

v.

BRIAN FOCO, et al.,

        Defendants.

Case No. 1:09-cv-233

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. The defendants are Corrections Officer Brian Foco and Nurse Unknown Daugherty. Plaintiff alleges that on November 6, 2006, defendant Foco closed a food slot on his arm in violation of his rights under the Eighth Amendment and state law. He alleges that Nurse Daugherty failed to intervene on his behalf. Now before the court is plaintiff's motion[1] requesting a preliminary injunction compelling a non-party, Warden Smith, to transfer him from the Ionia Maximum Correctional Facility (ICF) to another Michigan prison. For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction be denied.

**Discussion**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet*

---

[1]The court has entered an order granting the portion of plaintiff's motion (docket # 41) requesting an extension of time to respond to defendant Foco's motion for summary judgment.

*v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse-of-discretion standard. *See Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. Plaintiff is serving a non-parolable life sentence on his first-degree murder conviction. His motion does not establish a strong likelihood of success on the merits of his claims against defendants. His motion simply describes a series of events that purportedly occurred at ICF in 2010, such as individuals opening and closing his cell door, which prevented him from "resting" and which he describes as "extremely irritating." (Plf. Motion at 2). Such concerns fall far short of establishing an Eighth Amendment violation. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (the Eighth Amendment does not guarantee comfortable prisons).

Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. He is not entitled to be housed in the prison or at the security classification of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995); *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Plaintiff states that he "can only take so much, [and] he is trying to prevent [] taking things into his own hands." (Motion at 2). This not-so-veiled threat to injure someone at ICF if his demand for a transfer is not met cannot be countenanced. The public interest would not be served by issuing a preliminary injunction, and the issuance of a preliminary injunction would constitute unwarranted federal court interference with the State's operation of its prisons.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 41) be denied.


Dated:   June 17, 2010              /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).