UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TORAN V. PETERSON, # 318935, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-233 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| BRIAN FOCO, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. The defendants are Corrections Officer Brian Foco and Nurse Unknown Daugherty. Plaintiff alleges that on November 6, 2006, at the Ionia Maximum Correctional Facility (ICF), defendant Foco closed a food slot door on his arm in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause and state law. He alleges that Nurse Daugherty failed to intervene on his behalf. He alleges that defendant Foco violated his First Amendment rights by destroying "mail" that he "had sticking out of the side of the [cell's] door for staff to pick up for mailing." (docket # 9, ¶ 30). Plaintiff asks the court to exercise supplemental jurisdiction over state-law tort claims. He sues defendants in their individual and official capacities and seeks an award of damages.

Nurse Daugherty has never been served or otherwise appeared. I recommend that all plaintiff's claims against defendant Daugherty be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

The matter is now before the court on defendant Foco's motion for summary judgment. (docket # 32). Upon review, I recommend that all plaintiff's claims for damages against defendant Foco in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendant Foco's motion for summary judgment be granted, and that the court enter judgment in his favor on all plaintiff's federal claims. Finally, I recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

**Applicable Standards**

A.  **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the

nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden

of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### B. Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant Foco has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. *Id.*

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81

(2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 674 (6th Cir. 2009); *see also Vandiver v. Correctional Med. Servs.*, 326 F. App'x 885, 888 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. *Id.* at 90-93; *see* 42 U.S.C. § 1997e(a).

**Proposed Findings of Fact**

The following facts are beyond genuine issue.[1] Plaintiff is serving a nonparolable life sentence in the custody of the Michigan Department of Corrections (MDOC) on his first-degree murder conviction. On November 6, 2006, he was housed in the Ionia Maximum Correctional Facility's (ICF's) detention unit. He jammed an unknown foreign object into the hinge of his cell door's food slot, which prevented Corrections Officer Brian Foco from closing it. Because the food slot door could not be closed, defendant Foco attached the security food cart to the door to cover the opening. (docket # 33, Foco Aff. ¶¶ 3-5). Plaintiff states that when Foco moved the cart away from the cell door, he could have grabbed Foco and injured him, but chose not to do so. (docket # 1, ¶

---

[1]Plaintiff's initial complaint (docket # 1) is verified under penalty of perjury. His amended complaint (docket # 9) is not. Plaintiff's amended complaint superseded his initial complaint. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008). The amended complaint is plaintiff's operative pleading, but the portions of his initial pleading satisfying the requirements of Rule 56(e) of the Federal Rules of Civil Procedure are considered herein as his affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Totman v. Louisville Jefferson County Metro Gov't*, No. 09-5764, 2010 WL 3245534, at * 9 (6th Cir. Aug. 13, 2010). Legal conclusions, whether asserted by a party in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006).

25). Plaintiff states that Foco closed the food slot door on his right arm. (Plf. Decl. ¶ 1, docket # 46).

On November 7, 2006, plaintiff filed a healthcare request complaining of right arm discomfort. The examining nurse gave him a warm towel and Tylenol in response to this complaint. Plaintiff states that he suffered from "on an[d] off forearm pain" for 37 days. (Plf. Decl. ¶¶ 1-5, 9-13).

Plaintiff filed a grievance on November 7, 2006, stating that a day earlier he had a "kite" (an informal complaint) sticking out of his cell door and that Foco "ripped it up and tried to antagonize [plaintiff] by placing the shreds through the crack in the [food] cart."[2] (docket # 1-3 at ID # 14). Years later when plaintiff filed this lawsuit, he characterized the destroyed document as "mail." (docket # 1, ¶ 30).

### Discussion

**1.  Defendant Daugherty**

I recommend that all plaintiff's claims against defendant Nurse Unknown Daugherty be dismissed for failure to achieve service of process. Daugherty has never been served with process or otherwise appeared. Under Rule 4(m), service of the complaint was to be achieved within 120 days after plaintiff filed his amended complaint on June 29, 2009. FED. R. CIV. P. 4(m). This period expired on October 27, 2009.

On January 22, 2010, the court entered an order vacating a September 21, 2009 judgment and reinstating this case. (docket # 25). Using the date of the order of reinstatement as

---

[2]Defendant Foco denies closing the food slot on plaintiff's arm or destroying his kite or mail (Foco Aff. ¶¶ 3-8).

a starting point, plaintiff's 120-day period for achieving service expired on May 24, 2010. Accordingly, I recommend that all plaintiff's claims against defendant Daugherty be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x 386, 393-94 (6th Cir. 2008).

2. **Eleventh Amendment Immunity**

All plaintiff's claims for damages against defendant Foco in his official capacity are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004); *see also McCoy v. Michigan*, 369 F. App'x 646, 653 (6th Cir. 2010). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant Foco is entitled to a dismissal with prejudice of all plaintiff's claims for damages against him in his official capacity. The only remaining claim is against Foco in his individual capacity.

### 3. Eighth Amendment Claim Against Foco in his Individual Capacity

As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment.[3] *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham*, 430 U.S. at 670. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause the core judicial inquiry is that set out in *Whitley [v. Albers*, 475 U.S. 312, 320-21 (1986)]: whether the force was applied as a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has not presented evidence upon which any rational trier of fact could find in his favor on either component of his Eighth Amendment claims against defendant.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See, e.g., Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *Pruett v. Hatchett*, 292 F. App'x 408,

---

[3] The Eighth Amendment's Cruel and Unusual Punishments Clause applies to the States through the Fourteenth Amendment's Due Process Clause. *See Graham v. Florida*, 130 S. Ct. 2011, 2018 (2010). Eighth Amendment is used throughout this report and recommendation as convenient shorthand.

409 (5th Cir. 2008). To be sure, under *Hudson v. McMillian*, guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening injuries. *See McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). By the same token, if the objective component of the Eighth Amendment is to mean anything, it cannot be satisfied by a mere unwanted touching. *See Walters v. Corrections Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. Dec. 2004); *Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998); *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at * 1 (6th Cir. Jan. 31, 1996) ("[N]ot every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights."); *Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (*en banc*). Plaintiff has not shown any serious deprivation. He states that he had a sore arm after Foco closed the food slot on it. The examining nurse did not observe any injury, but did provide plaintiff with a warm towel and Tylenol as treatment in response to his subjective complaints. This does not approach satisfying the objective component of an Eighth Amendment claim.

Plaintiff falls short of satisfying the subjective component of an Eighth Amendment claim. One factor the court can look to in determining whether the defendant's use of force could plausibly have been thought necessary is the extent of injury suffered by the inmate. *Hudson*, 503 U.S. at 7; *see Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008). Plaintiff suffered no discernable injury. This cannot possibly rise to the level of cruel and unusual punishment. Minor injuries such as bruises and swelling are generally insufficient to support a claim under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See, e.g.*, *Silguero v. Acheson*, No. 7:08-cv-201, 2009 WL 56341, at * 2 (N.D. Tex. Jan. 9, 2009) (collecting cases).

"In determining whether the use of force was wanton or unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321). Plaintiff is serving a nonparolable life sentence for murder and was housed in the detention unit of the State's highest security level prison. Defendant was in a vulnerable position with an open food slot that permitted plaintiff to reach out and grab defendant if he chose to do so.[4] Any force defendant Foco used in closing the food slot was *de minimis*. A far more forceful response would have been justified without violating the Eighth Amendment's Cruel and Unusual Punishments Clause. No reasonable trier of fact could find on the present record that Foco acted maliciously and sadistically for the purpose of causing plaintiff serious harm. *See Hudson*, 503 U.S. at 7.

### 4. Destruction of Plaintiff's Kite or Mail

On November 6, 2006, plaintiff stuck a document out his cell door and the next day filed a grievance claiming that defendant Foco had destroyed this "kite," which is an internal prison message. (*See* Grievance No. ICF 06-11-792-26A, docket # 1-3 at ID # 14). The destruction of plaintiff's informal complaint is not a claim of constitutional dimension. Plaintiff does not have a constitutionally guaranteed right to an effective grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Argue v. Hofmeyer*, 80 F. App'x. 427, 430 (6th Cir. 2003).

---

[4]"Holding the food slot hostage" by putting an arm through the slot to prevent it from being secured is a common form of prisoner misbehavior. *See e.g.*, *Earby v. Ray*, 47 F. App'x 744, 745 (6th Cir. 2002); *Jones v. Johnson*, No. 08-cv-15258, 2009 WL 1313245, at * 1 (E.D. Mich. May 12, 2009).

Plaintiff now claims that the destroyed document was "mail."[5] If this is plaintiff's claim, it is unexhausted. His November 2006 grievance did not allege any interference with his mail. *See Woodford v. Ngo*, 548 U.S. 81 (2006); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). I find that defendant Foco has carried his burden on this affirmative defense under 42 U.S.C. § 1997e(a) and is entitled to judgment in his favor as a matter of law on plaintiff's First Amendment claim.

    **5.**    **Supplemental Jurisdiction**

Plaintiff asks the court to exercise jurisdiction over purported state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). There is no reason in this case to depart from the general rule.

**Recommended Disposition**

For the reasons set forth herein, I recommend that all plaintiff's claims against defendant Daugherty be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. I further recommend that all plaintiff's claims for damages against defendant Foco in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. Defendant Foco's motion for summary judgment (docket # 32) should be granted and

---

[5] Outgoing prisoner mail may qualify for First Amendment protection, depending on the content of the correspondence and the intended recipient. *See e.g.*, *Jones v. Caruso*, 569 F.3d 258, 267-68 (6th Cir. 2009).

judgment entered in his favor on all plaintiff's federal claims. The court, in its discretion, should decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.


Dated: November 8, 2010          /s/ Joseph G. Scoville
                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).