UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TORAN PETERSON,
                    Plaintiff,

                                                    No. 1:09-cv-233

-v-
                                                    HONORABLE PAUL L. MALONEY

BRIAN FOCO, ET AL,
                    Defendant.


<u>ORDER ADOPTING REPORT AND RECOMMENDATIONS OVER OBJECTIONS</u>

        Plaintiff Toran Peterson, a prisoner under the control of the Michigan Department of

Corrections (MDOC), initiated this civil action.  Defendant Brian Foco, a corrections officer, filed

a motion for summary judgment.  (ECF No. 32.)  Plaintiff filed a response.  (ECF No. 46.)  The

magistrate judge issued a report recommending the motion be granted and also recommending that

Defendant Daugherty be dismissed from the action because Daugherty has not been served.  (ECF

No. 51.)  Plaintiff filed objections.  (ECF No. 53.)  The court has reviewed the record, including the

motion for summary judgment, Plaintiff's response, the report and recommendation, Plaintiff's

objection, and relevant legal authority.

        After being served with a report and recommendation (R&R) issued by a magistrate judge,

a party has fourteen days to file written objections to the proposed findings and recommendations.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews *de novo* the portions of

the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only

those objections that are specific are entitled to a *de novo* review under the statute.  *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide

*de novo* review where the objections are frivolous, conclusive or too general because the burden is

on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The magistrate judge's report is well-reasoned. The recommendations are supported by both relevant facts and legal authority. Plaintiff's objections are either irrelevant to the recommendations or lack merit. The magistrate judge concludes Plaintiff cannot establish either the objective or subjective prong of a claim for violation of the Eighth Amendment. Plaintiff does not object to this portion of the report and recommendation. The magistrate judge also concludes that Plaintiff failed to exhaust his administrative remedies with regard to his claim for destruction of mail. Plaintiff's first objection, a factual dispute, is irrelevant to the magistrate judge's first conclusion. Whether Plaintiff jammed any object in the hinge of his cell door's food slot does not impact the conclusion that Plaintiff could not establish either the objective or subjective prong of his cruel and unusual punishment claim.

Plaintiff's second objection relates to the magistrate judge's recommendation concerning the mail claim. Plaintiff insists he did exhaust his administrative remedies. The magistrate judge found that Plaintiff did file a grievance, but concluded the grievance did not address the claim Plaintiff now asserts in this lawsuit, that Defendant Foco interfered with his mail. Plaintiff's objection fails to

address this distinction. In the grievance, Defendant complains about the conduct that formed the basis for his Eighth Amendment claim and also asserts that Defendant Foco took and ripped up his kite. The kite portion of the grievance is not mentioned in Defendant's appeals in the second or third stage. The complaint characterizes the paper as "mail," rather than a "kite." In his response to the motion for summary judgment, Plaintiff insists that the word "kite" is frequently used to reference "mail." Judge Richard Enslen explained the "kite system is utilized by prisoners to communicate important requests for services, advice and medicine. Typical kites might ask for prescription refills, indicate that a prisoner needs to see a physician regarding an ailment or ask for clarification regarding medical advice or a treatment regime for the prisoner." *Hadix v. Caruso*, 465 F.Supp.2d 776, 793 (W.D. Mich. 2006). In prison parlance, the word "kite" does not mean "any and all mail, including external and legal mail." Rather, the word "kite" refers to internal complaints, typically informal in nature, from prisoners to prison staff. *See e.g. Younglove v. MDOC*, No. 1:10-cv-422, 1010 WL 1997116, at * 1 (W.D. Mich. May 19, 2010) (Bell, J.) (discussing kites sent to prison health care and suggestions by prison health care workers that the plaintiff send kites); *Heggie v. Kuzma*, No. 1:07-cv-1024, 2010 WL 1417469, at * 7 (W.D. Mich. Apr. 1, 2010) (Maloney, C.J.) (quoting at length the plaintiff's objections to a report and recommendation in which he references numerous health care kites); *Grear v. Gelabert*, No. 1:07-cv-203, 2009 WL 607407, at * 3 (W.D. Mich. Mar. 9, 2009) (Jonker, J.) (adopting a report and recommendation that discusses three kites from a plaintiff prisoner about problems with his toe); *Peters v. Berghuis*, No. 1:09-cv-14, 2009 WL 261387, at * (W.D. Mich. Feb. 3, 2009) (Neff, J.) (discussing various kites sent from the plaintiff prisoner to various employees at the institution). The alleged facts, taken in a light most favorable to Plaintiff, do not lead to the conclusion that Plaintiff grieved interference with his mail by

Defendant Foco. Plaintiff has never identified the content or the intended recipient of the kite. Plaintiff has not alleged that the loss of the kite in any way caused him injury.

Plaintiff's third objection relates to Defendant Daugherty. Plaintiff insists the court failed to make him aware of the service deadline. Plaintiff explains he is pro se. Although the court must liberally construe Plaintiff's pleadings, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), his pro se status does not entitle him to ignore the procedural requirements contained in the Federal Rules, including deadlines. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also West v. Adecco Employment Agency*, 124 F.App'x 991, 992 (6th Cir. 2005) ("Courts have refused to excuse pro se litigants who failed to follow basic procedural requirements such as meeting 'readily comprehended' court filing deadlines.") (citations omitted).

Plaintiff objects to the magistrate judge's conclusion that the claim against Defendant Foco, in his official capacity, is barred by the Eleventh Amendment. Plaintiff's reliance on *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) is misplaced. The Supreme Court has clarified, since *Monell*, that a state is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The magistrate judge correctly outlined the applicable law regarding Plaintiff's official capacity claim against Defendant Foco.

Plaintiff asserts, as a fifth objection, that the magistrate judge is obviously biased. Plaintiff's allegation rests on language contained in the report and recommendation. Bias or prejudice must arise from some extrajudicial source and typically not from the judge's ruling or participation in a case. *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *see Liteky v. United States*, 510 U.S. 540, 555-56 (1994). On the basis of Plaintiff's objection, no reasonable person would question the magistrate judge's impartiality. *See Ullmo*, 273 F.3d at 681.

Plaintiff's sixth and final objection generally proclaims that his civil rights have been violated. Because the statutes of limitations have expired on his state law claims, Plaintiff urges the court, in the interests of justice to exercise supplemental jurisdiction over those claims. As explained in the report and recommendation, supplemental jurisdiction is not a right. Generally, when a district court dismisses federal law claims before trial, the court should not reach the merits of plaintiff's state law claims. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Faughender v. City of North Olmsted, Ohio,* 927 F.2d 909, 917 (6th Cir. 1991); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Jurisdiction over the state law claims should be maintained only where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh the concern over needlessly deciding state law issues. *Moon*, 465 F.3d at 728 (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)); *Musson*, 89 F.3d at 1254 ("As a rule of thumb, however, the *Gibbs* dictum remains valid. When all federal claims have been dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them back to state court if the action was removed.") (citations omitted).

For these reasons, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 51) is **ADOPTED OVER OBJECTIONS**.

2. Defendant Foco's motion for summary judgment is **GRANTED.** The federal claims against Defendant Foco are **DISMISSED WITH PREJUDICE.**

3. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Those claims are **DISMISSED WITHOUT PREJUDICE**.

4. The claims against Defendant Daugherty are **DISMISSED WITHOUT PREJUDICE**.

5.       Having reviewed the complaint and the motion for summary judgment for the purpose of

issuing a certificate of good faith for appeal, the court finds any appeal would not be taken

in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

6.       This order concludes the last pending claims and this action is **TERMINATED**.


Date:   December 6, 2010                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge